IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **RANDY J. THOMAS,** | 3:14-cv-01843-BR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| **COMPREHENSIVE OPTIONS FOR DRUG ABUSERS, INC.,** doing business as CODA, Inc., | |
| Defendant. | |

**DANIEL J. SNYDER**
**CARL LEE POST**
**JOHN D. BURGESS**
Law Offices of Daniel Snyder
1000 S.W. Broadway, Suite 2400
Portland, OR 97205
(503) 241-3617

       Attorneys for Plaintiff

**SAMUEL T. SMITH**
**ALLYSON S. KRUEGER**
Dunn Carney Allen Higgins & Tongue, LLP
851 S.W. Sixth Avenue, Suite 1500
Portland, OR 97204-1357
(503) 242-9611

       Attorneys for Defendant

**BROWN, Judge.**

This matter comes before the Court on Defendant's Motion (#32) to Compel Production of Plaintiff's Mental Health Treatment Records. For the reasons that follow, the Court **GRANTS** Defendant's Motion.

## PLAINTIFF'S CLAIMS

Plaintiff, a former employee of Defendant, brings unlawful-termination claims under the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.*; the Oregon Family Leave Act, Oregon Revised Statute § 659A.150, *et seq.*; the Oregon Rehabilitation Act, Oregon Revised Statute § 659A.103, *et seq.*; and Oregon common law.

In his claims under the Oregon Rehabilitation Act and Oregon common law (Claims Three and Four) Plaintiff alleges he "continues to suffer humiliation, anxiety, distress, and impairment of Plaintiff's personal dignity and right to be free from discrimination." Second Am. Compl. ¶¶ 91, 102. In those claims Plaintiff seeks noneconomic compensatory damages for "emotional pain, suffering, inconvenience, mental anguish, [and] loss of enjoyment of life." Second Am. Compl. ¶¶ 94, 103.

## DEFENDANT'S MOTION TO COMPEL

Defendant served on Plaintiff a request for production as

2 - OPINION AND ORDER

follows:

> REQUEST NO. 3: For the period from January 1, 2008 through present, all documents referring or relating to any emotional or mental condition, impairment, illness, disability or injury that Plaintiff has suffered, including any and all medical or mental health records, reports, bills or other documents which in any way refer to or relate to any such condition, and regardless of whether Plaintiff believes that any such condition resulted from the alleged wrongful conduct of Defendant. This request includes, without limitation, all records relating to:
>
> > (1) "humiliation, anxiety, distress and impairment of Plaintiff's personal dignity" as described in ¶ 91 and 102 of the Second Amended Complaint; and
>
> > (2) "emotional pain, suffering, inconvenience, mental anguish, [and] loss of enjoyment of life" as described in ¶ 94 of the Second Amended Complaint.

Plaintiff objected to the request on the ground that his mental-health records are protected by the psychotherapist-patient privilege. In the alternative, Plaintiff offered to compromise by agreeing not to testify regarding his mental-health treatment and to refrain from calling his therapist as a fact or expert witness.

## Discussion

Defendant contends it is entitled to discover Plaintiff's mental-health records because Plaintiff waived any psychotherapist-patient privilege by seeking damages to compensate for his alleged mental anguish.

The Supreme Court recognized the psychotherapist-patient privilege in *Jaffee v. Redmond*, 518 U.S. 1, 10 (1996). The Court

3 - OPINION AND ORDER

noted the privilege was necessary because "the mere possibility of disclosure may impede development of the confidential relationship necessary for successful treatment." *Id.* Accordingly, the Court held "a psychotherapist privilege covers confidential communications made to licensed psychiatrists and psychologists" as well as "confidential communications made to licensed social workers in the course of psychotherapy." *Id.* at 15.

The party asserting the psychotherapist-patient privilege bears the burden of demonstrating (1) the treatment provider is a licensed psychotherapist, (2) the communications to the treatment provider were confidential, and (3) "the communications were made during the course of diagnosis or treatment." *United States v. Romo*, 413 F.3d 1044, 1047 (9th Cir. 2005). Nonetheless, a party may waive the psychotherapist-patient privilege if "he puts his emotional condition at issue during the trial." *Maynard v. City of San Jose*, 37 F.3d 1396, 1402 (9th Cir. 1994). *See also Lahrichi v. Lumera Corp.*, 433 F. App'x 519, 521 (9th Cir. 2011). For example, a party who "asserts claims that place at issue the reason for [the party's] medical treatment . . . has waived the privilege with respect to any statements he made . . . concerning [the] need for that treatment." *Peake v. Chevron Shipping Co., Inc.*, 245 F. App'x 680, 683-84 (9th Cir. 2007).

In *Tran v. Tyco Electronics Corp.* this Court held the

plaintiff "waived any psychotherapist/patient or doctor/patient privilege because he placed his psychological state at issue in this action by seeking damages for emotional distress." No. 06-cv-1810-BR, 2008 WL 2037279, at *2 (D. Or. May 7, 2008). *See also Schoffstall v. Henderson*, 223 F.3d 818, 823 (8th Cir.2000); *Speaker ex rel. Speaker v. County of San Bernardino*, 82 F. Supp. 2d 1105 ©. D. Cal. 2000).

In *Tran* the Court reasoned "it would be unfair to allow Plaintiff to proceed with a claim for emotional-distress damages without giving Tyco an opportunity to prepare its defense with information that may be relevant to Plaintiff's alleged emotional and psychological condition." *Tran*, 2008 WL 2037279, at *2. Plaintiff, however, contends the Court should not follow the approach it employed in *Tran*, but instead the Court should follow one of two narrower approaches that other district courts have employed. Under the narrowest approach, Plaintiff contends the psychotherapist-patient privilege is only waived when the party asserting the privilege affirmatively relies on psychotherapist-patient communications. *See Fitzgerald v. Cassil*, 216 F.R.D. 632, 636-37 (N. D. Cal. 2003). *See also Thomas v. UPS Ground Freight, Inc.*, No. 06-cv-1281-ST (#19)(D. Or. Feb. 15, 2007), at 4-5. Under a middle-ground approach, Plaintiff contends the psychotherapist-patient privilege is not waived when the plaintiff raises only "garden variety" emotional-distress claims.

5 - OPINION AND ORDER

*Fitzgerald*, 216 F.R.D. at 637.  *See also Arjangrad v. J.P. Morgan Chase Bank, N.A.*, 10-cv-01157-PK, at 15-18 (#59) (D. Or. Oct. 19, 2011).

The Court does not find the cases employing either the narrow or middle-ground approaches to be persuasive.  Whenever a party affirmatively raises a claim that directly concerns that party's emotional distress and seeks to recover damages in compensation for that distress, the party's mental health and, therefore, any records of mental-health treatment are inextricably intertwined with the issues raised by the party.  In particular, when a party pleads claims that seek damages in compensation for mental anguish, mental-health treatment records become highly relevant to the issues of causation and damages because a defending party should be entitled to explore alternative reasons for Plaintiff's asserted emotional distress apart from the bases of Plaintiff's claims being litigated.  Thus, as noted in *Tran*, "it would be unfair to allow Plaintiff to proceed with a claim for emotional-distress damages without giving [Defendant] an opportunity to prepare its defense with information that may be relevant to Plaintiff's alleged emotional and psychological condition."  *See Tran*, 2008 WL 2037279, at *2.

Plaintiff alternatively contends his offer not to testify at trial regarding any mental-health treatment or not to call his therapist as a fact or expert witness renders his mental-health

records otherwise undiscoverable because his mental-health treatment records would no longer be relevant.  Plaintiff's proposed compromise, however, would not render his mental-health records undiscoverable because the discovery of such records would remain reasonably calculated to obtain admissible, relevant evidence in light of the fact that Plaintiff's Second Amended Complaint still contains claims for noneconomic damages as compensation for Plaintiff's mental anguish.

Accordingly, on this record the Court concludes Plaintiff has waived the psychotherapist-patient privilege as to the period relevant to this action, and, therefore, Plaintiff's mental-health records for that period are discoverable.

## CONCLUSION

For these reasons, the Court **GRANTS** Defendant's Motion (#32) to Compel Production of Plaintiff's Mental Health Treatment Records.

IT IS SO ORDERED.

DATED this 6th day of October, 2015.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge