IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RANDY J. THOMAS,                                3:14-cv-01843-BR

        Plaintiff,                       OPINION AND ORDER

v.

COMPREHENSIVE OPTIONS FOR DRUG
ABUSERS, INC. dba CODA, INC.,

        Defendant.


DANIEL SNYDER
CARL POST
JOHN DAVID BURGESS
Law Offices of Daniel Snyder
1000 S.W. Broadway, Suite 2400
Portland, OR 97205
(503) 241-3617

        Attorneys for Plaintiff

ALLYSON S. KRUEGER
SAMUEL T. SMITH
Dunn Carney Allen Higgins & Tongue, LLP
851 S.W. Sixth Ave, Suite 1500
Portland, OR 97204
(503) 224-6440

        Attorneys for Defendant


BROWN, Judge.

    This matter comes before the Court on Defendant

1 - OPINION AND ORDER

Comprehensive Options for Drug Abusers, Inc. dba CODA, Inc.'s (CODA) Motion (#71) for Partial Judgment on the Pleadings and Plaintiff Randy J. Thomas's Motion (#72) for Partial Summary Judgment.

Plaintiff brings this action against his former employer for violation of (1) the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601, *et seq.*; (2) Oregon Family Leave Act (OFLA), Oregon Revised Statutes § 659A.150, *et. seq.*; (3) Oregon Rehabilitation Act (ORA), Oregon Revised Statutes § 659A.103, *et seq.*; and for (4) common-law wrongful termination.

For the reasons that follow, the Court **GRANTS** Defendant's Motion for Judgment on the Pleadings and **DISMISSES** Plaintiff's Second and Third Claims to the extent they are based on conduct that occurred before December 2, 2012, and **DISMISSES** Plaintiff's Fourth Claim on the ground that an adequate statutory remedy exists. The Court **DENIES** Plaintiff's Motion for Partial Summary Judgment as to Defendant's Ninth Affirmative Defense.

## BACKGROUND

The following facts are taken from the Joint Statement of Agreed Facts, Plaintiff's Second Amended Complaint, and the parties' materials submitted with their respective motions and are undisputed unless otherwise noted.

Plaintiff began work as CODA's Facilities Manager on

2 - OPINION AND ORDER

April 1, 2011.  On his first day on the job Plaintiff advised
Defendant's Human Resources Manager, Art Thomas, that he suffered
from macular dystrophy and hand tremors and needed to use visual
aids to read (specifically, ZoomText software, a large monitor,
and camera apparatus).  Later that same day Plaintiff met with
Lisa Nichols, Defendant's supervisor, and related similar
information to her.  Plaintiff also told Nichols that he had a
history of blood clots and permanent residual leg damage.  He
requested accommodation for these issues by being off of his feet
and elevating his legs.  He also requested all written
communications sent to him have a font of 16 points or larger
because of his vision.  Nichols denied the latter request.

     In May 2011 and on subsequent occasions Plaintiff continued
to request accommodation for his visual impairments from
Defendant's Human Resources Manager, Director of Human Resources,
Assistant to the Executive Director, IT Manager, and Director of
Finance.

     In the summer of 2011, in October 2011, and in July 2012
Plaintiff made other requests for accommodation regarding his
balance, coordination, and light-headedness due to his diabetes
and his visual impairment and hand tremors due to fatigue from
his sleep being interrupted by work calls at night that
exacerbated his tiredness from sleep apnea.  Defendant also
denied these requests.

In June 2012 Plaintiff experienced other health problems, which resulted in hospitalization and required medical leave. On his return to work Plaintiff requested a shorter or part-time work schedule as an accommodation for his medical conditions. Nichols denied his request.

In July and August 2012 Plaintiff again requested accommodation for his visual impairments. In October 2012 the ZoomText software and larger monitor requested by Plaintiff arrived and were installed after some delay.

Plaintiff was off from work from November 12, 2012, to November 16, 2012, for medical reasons. On Wednesday, November 21, 2012, Plaintiff's wife picked him up after work and took him to the emergency room at the direction of his doctor. When Plaintiff requested to use Friday, November 23, 2012 (the day after Thanksgiving) as one of his floating holidays, Nichols denied his request. Plaintiff was again off from work from November 26, 2012, to November 30, 2012, due to the death of his father. Plaintiff was allowed three days of bereavement leave, but Defendant denied his request to use additional floating holidays following the bereavement leave.

Defendant terminated Plaintiff's employment on December 4, 2012. Plaintiff filed a complaint with the Oregon Bureau of Labor and Industries (BOLI) nearly one year later on December 2, 2013. BOLI issued a right to sue letter for Plaintiff on

August 21, 2014.

Plaintiff filed a Complaint in this Court on November 18, 2014.

On February 24, 2016, Defendant filed a Motion (#71) for Partial Judgment on the Pleadings as to Plaintiff's Second and Third Claims on the ground that these claims are barred by the statute of limitations and Plaintiff's Fourth Claim (state common-law claim) on the ground that there is an adequate statutory remedy.

On February 24, 2016, Plaintiff filed a Motion (#72) for Partial Summary Judgment as to Defendant's Ninth Affirmative Defense that Plaintiff failed to mitigate his damages.

**STANDARDS**

**I.    Judgment on the Pleadings.**

Federal Rule of Civil Procedure 12(c) provides:

> After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings.  If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

For purposes of a motion pursuant to Rule 12(c), the court must accept the nonmoving party's allegations as true and view all inferences in a light most favorable to the nonmoving party.

5 - OPINION AND ORDER

*Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). A judgment on the pleadings is properly granted when, taking all allegations in the nonmoving party's pleadings as true, the moving party is entitled to judgment as a matter of law. *Compton Unified Sch. Dist. v. Addison*, 598 F.3d 1181, 1185 (9th Cir. 2010). "To survive a Rule 12(c) motion, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Davis v. Astrue*, Nos. C-06-6108 EMC, C-09-0980 EMC, 2011 WL 3651064, at *1 (N.D. Cal. Aug. 18, 2011)(citation omitted). *See also Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 n.4 (9th Cir. 2011)(A Rule 12(c) motion is "functionally identical to a Rule 12(b)(6) motion to dismiss for failure to state a claim, and therefore the same legal standard applies.").

## II.  Summary Judgment

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Washington Mut. Ins. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011). *See also* Fed. R. Civ. P. 56(a). The moving party must show the absence of a dispute as to a material fact. *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005). In response to a properly supported motion for summary judgment, the nonmoving party must go beyond the pleadings and show there is a genuine dispute as to

a material fact for trial.  *Id*.  "This burden is not a light one
. . . .  The non-moving party must do more than show there is
some 'metaphysical doubt' as to the material facts at issue."  *In
re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010)
(citation omitted).

   A dispute as to a material fact is genuine "if the evidence
is such that a reasonable jury could return a verdict for the
nonmoving party."  *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d
1054, 1061 (9th Cir. 2002)(quoting *Anderson v. Liberty Lobby,
Inc.*, 477 U.S. 242, 248 (1986)).  The court must draw all
reasonable inferences in favor of the nonmoving party.  *Sluimer
v. Verity, Inc.*, 606 F.3d 584, 587 (9th Cir. 2010).  "Summary
judgment cannot be granted where contrary inferences may be drawn
from the evidence as to material issues."  *Easter v. Am. W. Fin.*,
381 F.3d 948, 957 (9th Cir. 2004)(citation omitted).  A "mere
disagreement or bald assertion" that a genuine dispute as to a
material fact exists "will not preclude the grant of summary
judgment."  *Deering v. Lassen Cmty. Coll. Dist.,* No. 2:07-CV-
1521-JAM-DAD, 2011 WL 202797, at *2 (E.D. Cal., Jan. 20, 2011)
(citing *Harper v. Wallingford*, 877 F.2d 728, 731 (9th Cir.
1989)).  When the nonmoving party's claims are factually
implausible, that party must "come forward with more persuasive
evidence than otherwise would be necessary."  *LVRC Holdings LLC
v. Brekka*, 581 F.3d 1127, 1137 (9th Cir. 2009)(citation omitted).

The substantive law governing a claim or a defense determines whether a fact is material. *Miller v. Glenn Miller Prod., Inc.*, 454 F.3d 975, 987 (9th Cir. 2006). If the resolution of a factual dispute would not affect the outcome of the claim, the court may grant summary judgment. *Id.*

## DISCUSSION

## I.    Defendant's Motion for Partial Judgment on the Pleadings

Defendant seeks partial judgment pursuant to Federal Rule of Civil Procedure 12(c) on the ground that Plaintiff's Second and Third Claims are barred by the statute of limitations and Plaintiff's Fourth Claim is barred on the ground that Plaintiff has an adequate statutory remedy.

Plaintiff contends Defendant's Motion should be construed as a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 because (1) Plaintiff presents evidence outside of the pleadings in his Response to Defendant's Motion, (2) Plaintiff asserts the "continuing harm doctrine" applies, and (3) Oregon statutes do not provide Plaintiff with a sufficient statutory remedy as to his Fourth Claim.

As noted, Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleadings "after the pleadings are closed." If a party, in opposition to a motion under Rule 12(c), presents "matters outside the pleadings" that are "not

excluded by the court," the motion may be treated as one for summary judgment under Rule 56.

Although Plaintiff submits his own lengthy Declaration with his Response to Defendant's Motion, the Court finds this Declaration does not add any substance to the analysis of the issues.  The Court, therefore, does not consider Plaintiff's Declaration and, accordingly, declines to construe Defendant's Motion for Partial Judgment on the Pleadings as a motion for summary judgment.

## A.  Statute of Limitations

Under Oregon Revised Statute § 659A.875(1) a claim must be brought "within one year after the occurrence of the unlawful employment practice unless a complaint has been timely filed under ORS 659A.820."  A BOLI complaint also must be filed "no later than one year after the alleged unlawful practice." Or. Rev. Stat. § 659A.820(2).

Plaintiff's employment with Defendant was terminated on December 4, 2012, but Plaintiff did not file his BOLI complaint until December 2, 2013.  Defendant argues the unlawful employment practices alleged by Plaintiff in his Second and Third Claims are based on conduct that occurred before December 2, 2012, and, therefore, his Second and Third Claims are barred by the one-year statute of limitations.

In his Response Plaintiff "agrees that much of CODA's

9 - OPINION AND ORDER

unlawful employment practices occurred more than a year prior to filing his BOLI complaint." Resp. at 30.  Plaintiff, however, argues he is entitled to pursue his claims because (1) Defendant's unlawful practices were "continuing in nature," (2) Defendant created a "hostile work environment," and (3) Defendant is estopped from asserting the statute of limitations because Defendant tacitly approved Plaintiff's requested accommodations but failed to provide Plaintiff with those accommodations within a reasonable time.

### 1.  Continuing Violations Doctrine

Oregon Administrative Rule 839-003-0025(6) provides:

> A complaint must be filed with the division no later than one year after the alleged unlawful practice occurred.  If the alleged unlawful practice *is of a continuing nature*, the right to file a complaint exists so long as the person files the complaint within one year of the most recent date the unlawful practice occurred.

Emphasis added.  The Oregon Supreme Court has not ruled on what constitutes unlawful practices "of a continuing nature."

In *National Railroad Passenger Corp. v. Morgan* the Supreme Court substantially limited the continuing violations doctrine in the context of federal employment-discrimination actions.  536 U.S. 101 (2002).  In *Morgan* the plaintiff filed with the EEOC  charges of discrimination and retaliation against his employer  pursuant to Title VII of the Civil Rights Act of 1964.  The plaintiff alleged he was "consistently harassed and

disciplined more harshly than other employees on account of his race."  The EEOC issued a "Notice of Right to Sue," and Morgan filed his action.  The district court granted summary judgment in favor of the employer on the ground that all of the incidents alleged by the plaintiff fell outside of the statutory period, and, therefore, the company could not be liable for that conduct. The Ninth Circuit reversed the district court based on its earlier articulation of the continuing violation doctrine that courts may consider conduct that would ordinarily be time barred "as long as the untimely incidents represent an ongoing unlawful employment practice."  *Id.* at 106-07.  On appeal the Supreme Court reversed the Ninth Circuit and held:

> [D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges.  Each discrete discriminatory act starts a new clock for filing charges alleging that act.  The charge, therefore, must be filed within the [statutory] time period after the discrete discriminatory act occurred.  The existence of past acts and the employee's prior knowledge of their occurrence, however, does not bar employees from filing charges about related discrete acts so long as the acts are independently discriminatory and charges addressing those acts are themselves timely filed.

*Id.* at 113.

To illustrate the meaning of the term "discrete discriminatory act," the Court provided the following examples: "termination, failure to promote, denial of transfer, or refusal to hire."  *Id.* at 122.

In *Cherosky v. Henderson* the Ninth Circuit applied *the*

11 - OPINION AND ORDER

principles of continuing violation set out in *Morgan* to claims
asserted by the plaintiffs under the Americans with Disabilities
Act.  330 F.3d 1243 (2003).  Although *Morgan* involved Title VII,
the Ninth Circuit found the Supreme Court's analysis of the
continuing violations doctrine was not limited to Title VII
actions and that the doctrine applied with equal force to the
Rehabilitation Act and to actions arising under other civil
rights laws.  In *Cherosky* the plaintiffs were employees of the
United State Postal Service.  They contended they began having
respiratory problems after the introduction of high-speed mail-
sorting machines into the workplace.  Each employee requested
permission to use a full-face respirator while working.  The
Postal Service denied the request pursuant to a policy
prohibiting respirators except when air contaminants exceeded
safety regulations.  The Ninth Circuit concluded denial of the
plaintiffs' requests for accommodation, even though the denial
was pursuant to an ongoing company policy, constituted a discrete
discriminatory act.  *Id.* at 1246.

Here, however, Plaintiff argues Oregon's continuing
harm doctrine is broader than the federal standard set out in
*Morgan* and followed in *Cherosky*.  In particular, Plaintiff
contends Oregon law reflects "an expansive definition" of what
constitutes a continuing unlawful practice.  The Court notes,
however, the authority on which Plaintiff relies pre-dates 2002

12 - OPINION AND ORDER

when *Morgan* was decided.  *See In the Matter of Kenneth Williams*, 1995 WL 17921481 (Or. BOLI, Feb. 23, 1995).

In any event, in 2014 in the case of *In the Matter of Maltby Biocontrol, Inc.*, an Oregon Administrative Law Judge specifically reviewed the "continuing violations" standard of *Morgan* and "adopted [that] standard."[1]  2014 WL 7004598 (Or. BOLI, Apr. 22, 2014).  In *Maltby* BOLI contended the employer allegedly subjected certain employees to a hostile work environment created by racial epithets and physical assaults of fellow employees.  The employer argued the claims were time-barred.  BOLI, however, relied on a continuing violation theory to support its argument that the claim was timely.  In adopting the standard enunciated in *Morgan*, the Administrative Law Judge concluded claims involving "discrete acts" of discrimination that are brought under Oregon Revised Statute § 659A.820, *et seq.*, are only timely if such acts occurred within the statute-of-limitations period.  The Administrative Law Judge concluded in this instance the claims constituted a continuing violation, and, therefore, found the claims were timely.

Other judges in this District have also applied *Morgan* to discrimination claims brought under Oregon law.  *See, e.g.,*

---

[1] In fact, the Administrative Law Judge in adopting the *Morgan* standard pointed out neither the Oregon statute (Or. Rev. Stat. § 659A.820(2)) nor the administrative rule (Or. Admin. R. 839-003-0031) provided any guidance as to liability when the "alleged unlawful practice is of a continuing nature."

*Chitwood v. Georgia-Pac. Corp.*, No. 6:05-cv-6057-HO, 2006
WL2054444, at *4 (D. Or. July 20, 2006)(holding *Morgan* applies to
claims under Oregon law and stating "the continuing violations
theory does not apply to discrete discriminatory acts, even when
they are related to acts alleged in timely filed charges.  Each
discrete discriminatory act starts a new clock for filing charges
alleging that act."); *Scruggs V. Josephine Cty. Sheriffs Dep't*,
No. 1:06-cv-6058-CL, 2008 WL 608581, at *13 (D. Or. Mar. 4, 2008)
("A complaint based on alleged unlawful employment practice under
state law must be brought within one year, *supra* ORS 659A.820,
659A.875.  As discussed above, under *Morgan*, the continuing
violation doctrine does not apply to discrete acts of
retaliation, and the alleged retaliatory actions will be time
barred if not brought within the limitations period.").

Here, when Plaintiff began his employment with
Defendant, he advised Defendant regarding his physical
limitations.  Defendant denied specific request for written
communications to be in 16-font text.  Defendant also denied a
later request for schedule adjustment to deal with Plaintiff's
sleep issues.  Defendant also denied requests for the use of
medical and family leave.

The Court concludes these are a series of "discrete,"
allegedly discriminatory acts by Defendant related to Plaintiff's
requests for accommodation for his visual limitations and the use

of medical and family leave, and each discrete act give rise to a
claim of unlawful employment practice.  State-law claims arising
from these discrete acts, therefore, must be brought within the
limitations period pursuant to *Morgan*.

### 2. Hostile Work Environment

Plaintiff argues he has stated a *prima facie* case of
hostile work environment based on Defendant's ongoing failure to
accommodate his disabilities.  Plaintiff, however, does not
identify any specific allegation(s) in his Complaint that support
such a claim.

The *Morgan* Court distinguished hostile work environment
claims as "different in kind from discrete acts."  536 U.S. at
115.  The Court noted when determining whether an actionable
hostile work environment claim exists, "we look to all the
circumstances, including the frequency of the discriminatory
conduct; its severity; whether it is physically threatening or
humiliating, or a mere offensive utterance; and whether it
unreasonably interferes with an employee's work performance."
*Id.,* at 116 (internal quotes and citations omitted).  As the
Ninth Circuit noted in *Cherosky*, "[t]he Supreme Court has made
clear . . . that the application of the continuing violations
doctrine should be the exception, rather than the rule.  We are
not free to depart from this directive."  330 F.3d at 1248.

On this record the Court concludes Plaintiff's

15 – OPINION AND ORDER

allegations in his Complaint do not satisfy the criteria required by *Morgan* to establish that a hostile work environment existed, and, therefore, Plaintiff cannot obtain relief for conduct that occurred outside of the statute-of-limitations period.

### 3. Estoppel

Finally, Plaintiff argues Defendant is estopped from asserting Plaintiff's claims are barred by the statute of limitations because Defendant "never actually provided the accommodation in such a manner that Thomas could use it." Resp. at 36.

The doctrine of equitable estoppel applies when the employee knows he has a claim, but the employer affirmatively and actively takes action that causes the employee not to file his lawsuit timely. *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1176 (9th Cir. 2000). A finding of equitable estoppel rests on the consideration of a nonexhaustive list of factors, including: (1) the plaintiff's actual and reasonable reliance on the defendant's conduct or representations, (2) evidence of improper purpose on the part of the defendant, and (3) the extent to which the purposes of the limitations period have been satisfied. *Id.* (citing *Naton v. Bank of California,* 649 F.2d 691, 696 (9th Cir. 1981)).

Here Plaintiff does not allege any affirmative actions by Defendant that show Plaintiff was induced not to file his

16 – OPINION AND ORDER

claims timely.  Plaintiff only alleges in his Complaint that Defendant refused his requests for accommodation or denied his requests to use medical and family leave.  Moreover, Defendant ultimately granted Plaintiff's requests for accommodation by eventually providing specific equipment for his visual impairments.

As noted, the Court has concluded each act alleged by Plaintiff in his Second and Third Claims, with the exception of his actual termination, was a discrete act that occurred more than one year before the filing of Plaintiff's Complaint, and, therefore, those claims are barred by the statute of limitations.[2]

In summary, on this record the Court grants Defendant's Motion for Judgment on the Pleadings and dismisses Plaintiff's Second and Third Claims to the extent that they are based on conduct that occurred before December 2, 2012.

**B.  Adequate Statutory Remedy**

In his Third Claim Plaintiff alleges Defendant wrongfully terminated him in violation of the Oregon Rehabilitation Act

---

[2] In his Response Plaintiff argues if the Court finds Defendant's conduct was not a "continuing violation," Plaintiff should be allowed to present evidence of acts that occurred before December 2, 2012, as support for his timely-asserted claims.  The Court concludes this is an evidentiary issue that should be raised in the parties' pretrial filings and resolved at the time of the pre-trial conference, and, therefore, it will not be addressed at this time.

17 - OPINION AND ORDER

(ORA), Oregon Revised Statutes § 659A.103, *et seq.*, and in his Fourth Claim Plaintiff alleges Defendant wrongfully terminated him in violation of Oregon common law.

Defendant moves for partial judgment on the pleadings against Plaintiff's Fourth Claim for wrongful termination on the ground that an adequate statutory remedy for wrongful termination exists under Plaintiff's Third Claim pursuant to ORA.

Plaintiff fails to respond to Defendant's assertion that ORA provides Plaintiff with an adequate remedy and inexplicably contends "OFLA is not a[n] adequate remedy," and, therefore, he is "entitled to bring a claim for wrongful discharge as well under OFLA."

Under Oregon law a common-law wrongful-discharge claim is precluded when a statute provides an adequate remedy. *Anderson v. Evergreen Int'l Airlines, Inc.,* 131 Or. App. 726, 734 (1994) ("availability of an adequate statutory remedy precludes an otherwise sufficient common law wrongful discharge claim."). The Oregon Supreme Court has not specifically ruled as to whether ORA provides an adequate statutory remedy. As Defendant notes in its Motion, however, judges in this District have concluded the remedies provided under state statutes are adequate and preclude a common-law wrongful-discharge claim when both claims are based on the same conduct. See, *e.g.*, *Bellingham v. Harry & David Ops. Corp.*, No. CV-07-3033-PA, 2008 WL 339411, at *5 (D. Or. Feb.5,

18 - OPINION AND ORDER

2008)(granting summary judgment to defendant on plaintiff's wrongful-discharge claim because Oregon disability statutes provided an adequate statutory remedy); *Bailey v. Reynolds Metals Co.*, No. CV-99-1418-HA, 2000 WL 33201900, at *2 (D. Or. Sept.11, 2000)(concluding Oregon's disability statutes preempted a claim for wrongful discharge because the remedies provided by the legislature are adequate).

The remedies provided under Oregon's statutory disability discrimination laws include economic, noneconomic, and punitive damages and attorneys' fees. Or. Rev. Stat. § 659A.885 (providing for injunctive relief, other appropriate equitable relief, back pay, costs and attorneys' fees, compensatory damages, punitive damages, and a jury trial in actions alleging a violation of unlawful employment practices also under Or. Rev. Stat. § 659A.103).

On this record the Court concludes ORA provides an adequate statutory remedy for Plaintiff's Fourth Claim for wrongful termination, and, therefore, the Court dismisses Plaintiff's Fourth Claim.

## II. Plaintiff's Motion for Partial Summary Judgment

Plaintiff moves for partial summary judgment as to Defendant's Ninth Affirmative Defense that Plaintiff failed to mitigate his damages by not maintaining subsequent employment. Plaintiff argues his termination from his subsequent position

with the City of Portland does not constitute a failure to mitigate his damages because he did not leave voluntarily and he was not terminated due to any misconduct.

Defendant contends summary judgment in favor of Plaintiff is precluded because there is a genuine dispute of material fact regarding the basis for Plaintiff's termination from his subsequent position with the City of Portland.

**A.    Relevant Facts**

The parties filed a Joint Statement of Agreed Facts (#70) as follows:

- On December 3, 2012, CODA prepared a Personnel Action Form for involuntary termination of Plaintiff's employment effective December 4, 2012.

- On March 22, 2103, Thomas applied for the position of Central Services Manager in the City of Portland's Bureau of Parks and Recreation.

- On May 28, 2013, Thomas began working for the City of Portland as Parks and Recreation Central Services Manager.

- On September 25, 2013, Kia Selley informed Thomas she was terminating his probationary employment with Parks and Recreation and provided him with a termination letter.

Evidence submitted by Plaintiff indicates his job at the Bureau of Parks and Recreation was subject to a nine-month probationary period.  The letter terminating Plaintiff's employment with the Bureau stated in part:

> Effective today, your probationary period has been terminated with the City of Portland as the Parks & Recreation Central Service Manager. . . . Although as a

20 - OPINION AND ORDER

probationary employee you may be terminated without a statement of cause, the reason for this action is a failure to meet bureau expectations regarding accountability, communication and accessibility as well as necessary management skills and abilities. As a result of my review of your probation work history, I have concluded that termination of your probationary period is justified.

I regret that this position was not the right fit for your skills and abilities and sincerely wish you the best in your future endeavors.

Decl. of Randy Thomas (#74), Ex. D.

**B. Mitigation of Damages**

In his Complaint Plaintiff seeks back pay, among other things. When an employee seeks an award of back pay, the employee has an affirmative duty to mitigate damages by exercising reasonable efforts to find other suitable employment. *Ford Motor Co. v. EEOC,* 458 U.S. 219, 231 n.15 (1982). Failure to mitigate damages is an affirmative defense that shifts the burden to the former employer to prove the plaintiff failed to use reasonable efforts to find and to secure subsequent employment. *Haeuser v. Dep't of Law*, 368 F.3d 1091, 1099-1100 (9th Cir. 2004).

In *Sangster v. United Airlines, Inc.*, the Ninth Circuit noted courts have long held back pay is not to be awarded when the evidence shows "willful loss of earnings." 633 F.2d 864 (9th Cir. 1980). From this general concept the Ninth Circuit set out specific acts that constitute such willful conduct: failure to remain in the labor market, refusal to accept substantially

21 - OPINION AND ORDER

equivalent employment, failure to search for alternative work diligently, or voluntarily quitting alternative employment without good reason. *Id.* at 868. None of those acts, however, apply in this case. The court in *Brady v. Thurston Motor Lines, Inc.*, held termination for cause may also constitute a "willful loss of earnings" and, therefore, constitute a failure to mitigate. 753 F.2d 1269, 1279 (4th Cir 1985). In *Richardson v. Tricom Pictures & Prods.*, 334 F. Supp. 2d 1303 (S.D. Fla. 2004), the court found a plaintiff's termination due to "behavior that was not accidental" but was "egregious" may also constitute a failure to mitigate. *Id.* at 1314.

Here Plaintiff argues his termination from the Bureau was not for any violation of City policy or for any misconduct. He was terminated merely because he was "not a good fit" as reflected in the City's termination letter. As stated in the letter, however, the City reached this determination by finding Plaintiff failed to "meet bureau expectations regarding accountability, communication and accessibility" as well as posessing a lack of "skills and abilities." Although Plaintiff's conduct may not have been egregious or willful, Defendant argues evidence exists showing Plaintiff failed to follow Bureau rules and to meet the Bureau's expectations, that he performed his job duties poorly, and that he failed to cure performance deficiencies despite opportunities to do so. As noted, the Ninth

Circuit has not specifically identified the circumstances that constitute a failure to mitigate damages when a plaintiff's employment is involuntarily terminated.  In any event, under these circumstances a jury could reasonably conclude Plaintiff failed to act in good faith and to make reasonable efforts to maintain his employment.

Accordingly, on this record the Court concludes a genuine dispute of material fact exists and, therefore, denies Plaintiff's Motion for Partial Summary Judgment.

## III.  Evidentiary Objections

Each party raises evidentiary objections to materials submitted by the other in support of their respective Motions.

Defendant moves to exclude the Oregon Employment Department's administrative decision awarding Plaintiff unemployment benefits following his termination from the City of Portland.  See Thomas Decl., Ex. E.  Plaintiff, in turn, moves to exclude the deposition testimony of Kia Selley submitted by Defendant.

### A.  Exhibit E

Defendant argues Exhibit E is inadmissible pursuant to Oregon Revised Statute § 657.273(2), which provides administrative decisions awarding unemployment benefits "are not admissible as evidence in any other civil action or proceeding."

Plaintiff contends § 657.273 does not apply in a federal

23 - OPINION AND ORDER

court and that Exhibit E is admissible under the Federal Rules of Evidence as a business record.

In *Feldman v. Allstate Ins. Co.*, the Ninth Circuit stated:

> Most evidentiary rules are procedural in nature, and the Federal Rules of Evidence ordinarily govern in diversity cases.  However the Federal Rules do not supplant all state evidentiary provisions in federal ones.  Rather, state evidence rules that are intimately bound up with the state's substantive decision making must be given full effect by federal courts sitting in diversity.  Moreover, some state law rules of evidence in fact serve state policies and are more properly rules of substantive law within the meaning of *Erie*.

322 F.3d 660, 666 (9th Cir. 2003)(internal quotation marks and citations omitted).  See also *Wray v. Gregory*, 61 F.3d 1414, 1417 (9th Cir. 1995)(federal trial court required to apply special state evidentiary statute in context of medical malpractice case).

Absent any authority contradicting the clear language of the Oregon statute and in light of the holdings in *Feldman* and *Wray*, the Court finds Exhibit E to be inadmissible for purposes of this Motion.[3]

**B.  Deposition Testimony**

Plaintiff argues the deposition excerpts of Kia Selley, Plaintiff's supervisor at the City of Portland, is inadmissable because (1) Selley lacked personal knowledge as required by

---

[3] Defendant raises other grounds to exclude Exhibit E pursuant to the Federal Rules of Evidence.  Inasmuch as the Court finds Defendant's first argument persuasive, however, it need not address those other grounds.

Federal Rule of Evidence 602, (2) her statements were hearsay under Federal Rule of Evidence 801, and (3) her statements that Plaintiff "lied" reflect on the credibility of Plaintiff.

Defendant responds with supplemental deposition testimony that allegedly cures the hearsay and lack-of-personal knowledge objections.  In addition, Defendant asserts Selley's use of the words "lie" or "lied" do not constitute a comment on Plaintiff's character for untruthfulness, but rather reflect Selley's beliefs at the time and served as a factor in the decision to discharge Plaintiff.

Although a person may not offer an opinion about another person's truth-telling ability, it is difficult to draw the line between an inadmissible statement that is tantamount to a direct comment on the credibility of a witness and an admissible statement that is relevant for a different reason but tends also to reflect on the truthfulness of a witness.  See *State v. Beauvais*, 357 Or. 524, 545 (2015)(testimony regarding criteria used to evaluate whether a child-victim was being deceptive was admissible to assist jury in the assessing credibility of the child-victim).

On summary judgment this Court may not weigh the evidence or determine the truth of the matter.  *France v. Johnson*, 795 F.3d 1170, 1172 (9th Cir. 2015).  The Court must, however, determine whether the evidence submitted shows there is a genuine dispute

as to any material fact. *See* Fed. R. Civ. P. 56(b). "A party
may object that material cited to support or dispute a fact
cannot be presented in a form that would be admissible in
evidence." Fed. R. Civ. P. 56(c)(2). Thus, at the summary-
judgment stage, a party does not necessarily have to produce
evidence in the form that would be admissible at trial. *Block v.
City of Los Angeles,* 253 F.3d 410, 419 (9th Cir. 2001). The
Court, therefore, finds Selley's deposition testimony is
admissible for purposes of resolving this Motion even though it
may not necessarily be admissible at trial in its current form.

On this record the Court concludes the excerpt of the
deposition testimony of Kia Selley is admissible for purposes of
this Motion.


## CONCLUSION

For these reasons, the Court **GRANTS** Defendant's Motion (#71)
for Judgment on the Pleadings and **DISMISSES** Plaintiff's Second
and Third Claims to the extent they are based on conduct that
occurred before December 2, 2012, and **DISMISSES** Plaintiff's
Fourth Claim on the ground that an adequate statutory remedy
exists. The Court **DENIES** Plaintiff's Motion (#72) for Partial
Summary Judgment as to Defendant's Ninth Affirmative Defense.

The Court **DIRECTS** the parties to submit a Joint Proposed

26 - OPINION AND ORDER

Case Management Schedule no later than July 18, 2016, regarding the claims remaining in this case.

IT IS SO ORDERED.

DATED this 6th day of July, 2016.

/s/ Anna J. Brown

_____

ANNA J. BROWN
United States District Judge

27 - OPINION AND ORDER